## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVE BURTON** <br> **1911 Arbor Hill Lane** <br> **Bowie, Maryland  20716** | : <br><br> : |
| **and** | : |
| **IKUMI HATANAKA** <br> **1911 Arbor Hill Lane** <br> **Bowie, Maryland  20716** | : <br><br> : |
| **Plaintiffs,** | : |
| **v.** | : |
| **FREDERICK HENDRICKS, M.D.** <br> **2300 M Street, N.W., Ste 210** <br> **Washington, D.C.  20037** | :     Case No. <br><br> : |
| **and** | : |
| **PANOS KOUTROUVELIS, M.D.** <br> **8320 Old Courthouse Road, Ste 150** <br> **Vienna, Virginia  22182** | : <br><br> : |
| **And** | : |
| **URO-RADIOLOGY PROSTATE** <br> **INSTITUTE** <br> **8320 Old Courthouse Road, Ste 150** <br> **Vienna, Virginia  22182** | : <br><br> : <br><br> : |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Steve Burton and Ikumi Hatanaka, by and through undersigned counsel, and moves for judgment, jointly and severally,  against Defendants

Regan Zambri <br> Long Bertram <br> 1919 M Street, NW <br> Suite 350 <br> Washington, D.C. 20036

202-463-3030

Frederick Hendricks, M.D., Panos Koutrouvelis, M.D and the URO-RADIOLOGY PROSTATE INSTITUTE, on the grounds and for the amount set forth below:

## JURISDICTION AND VENUE

1.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) because this suit involves citizens of different states and it exceeds the amount in controversy requirement.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because at least one defendant is a resident of the District of Columbia and some of the allegations at issue occurred in the District of Columbia..

3.      This Court has personal jurisdiction over the Defendants pursuant to D.C. Code 13-423(a).

## PARTIES

4.      Plaintiff Steve Burton is an adult citizen and resident of the State of Maryland.

5.      Plaintiff Ikumi Hatanaka, also known as Ikumi Burton,  is an adult citizen and resident of the State of Maryland.   She was at all times legally married to the Plaintiff Steve Burton.

6.      Defendant Frederick Hendricks, M.D. is an adult citizen and resident of the District of Columbia and is licensed to practice medicine in the District of Columbia. Defendant Hendricks, as alleged further herein, his alleged wrongful acts occurred primarily in the District of Columbia.  Moreover, Defendant Hendricks jointly proposed

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

a plan of care for Mr. Burton in concert with Defendant Koutrouvelis. Moreover, upon information and belief, Defendant Hendricks solicited patients with Dr. Koutrouvelis from the District of Columbia and the Washington region through a joint website and other marketing materials.

7.      Defendant Panos Koutrouvelis. M.D. is an adult citizen and resident of the Commonwealth of Virginia. Defendant Koutrouvelis' wrongful acts and omissions, as set forth herein, caused injury to Plaintiffs. Defendant Koutrouvelis was owner and/or agent of Defendant Uro-Radiology Prostate Institute ("URPI") and as such was acting as the agent and/or employee of Defendant URPI at all times relevant to the claims asserted in this case.

8.      Moreover, Defendant Koutrouvelis, individually and as agent of Defendant URPI, jointly proposed a plan of care for Mr. Burton in concert with Defendant Hendricks.

9.      Upon information and belief, Defendant Koutrouvelis, individually and as agent and/or employee of Defendant URPI was licensed to practice medicine in the District of Columbia and was an adjunct professor at Howard University, which is located in the District of Columbia.

10.      Moreover, upon information and belief, Defendant Koutrovelis and Defendant URPI solicited patients from the District of Columbia through his website and other marketing materials.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

11.    As of December 2010, Defendant Koutrouvelis and Defendant URPI held Dr. Koutrouvelis out to the public and on his website, for patients and healthcare practitioners as a "radiation oncologist".    Defendant Koutrouvelis signed medical records and reports as a "radiation oncologist.

12.    Upon information and belief, Defendant Koutrouvelis is actually a radiologist and did not complete a formal residency or fellowship training in radiation oncology or oncology.

13.    As of December 2010, Defendant Koutrouvelis' website also listed Defendant "Fred Hendricks"   as a urologist who was affiliated with Defendant Koutrouvelis and Defendant URPI.

## FACTS

14.    Mr. Burton began treatment with Defendant Hendricks in 1999.

15.    Mr. Burton was diagnosed with prostate cancer and underwent a radical perineal prostatectomy at Georgetown University Hospital on or about December 17, 2002.

16.    Following the surgery, Mr. Burton underwent a course of external beam radiotherapy in 2003.

17.    Mr. Burton was then treated by Defendant Hendricks from 2002 through 2011.

18.    In November of 2010, Mr. Burton presented to Defendant. Hendricks for a regular clinical check up.  At that time, the patient was doing well.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

19.     On or about December 17, 2010, Mr. Burton saw Defendant Hendricks again.  Mr. Burton's PSA level was 1.3 and there was a nodule in the seminal vesicle area.  Defendant Hendricks told the patient there was cancer recurrence and referred Mr. Burton to Defendant Koutrouvelis and Dr. Aragon-Ching.  During this visit, Defendant Hendricks strongly recommended brachytherapy for recurrence of the prostate cancer.

20.     On or about December 22, 2010, Mr. Burton is seen and examined by Dr. Aragon Ching, who recommended the patient obtain a CT scan, a bone scan and a one time sample of circulating tumor cells.  Dr. Aragon-Ching also indicated that brachytherapy "may" be reasonable if Mr. Burton demonstrated overt disease (recurrent cancer) in his prostate bed and then only after optimal discussion of risks/benefits.  The written consultation note by Dr. Aragon-Ching, which included these opinions was signed electronically and  sent to Defendant Hendricks on or about Friday, December 24, 2010.

21.     On or about December 27, 2010, Mr. Burton was seen by Defendant Koutrouvelis.  It was during this initial visit that Mr. Burton was told he needed brachytherapy of the prostate bed before any diagnostic imaging or biopsy results were obtained or available.

22.     On or about January 2, 2011, Mr. Burton also sent correspondence to Dr. Hendricks informing him of the various diagnostic imaging and tests that were being conducted by the two consultants to determine if the prostate cancer had recurred.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

23.     On January 3, 2011, a CT of Mr. Burton's chest, as well as a spiral CT of the abdomen and pelvis were obtained and read by Defendant Koutrouvelis as normal. These results were sent to Defendant Hendricks on or about January 6, 2011.

24.     On January 6, 2011, a whole body scan was performed on Mr. Burton which demonstrated normal degenerative changes. These results were also sent to Defendant Hendricks on or about January 11, 2011.

25.     On January 10, 2011, a tumor scan was performed at George Washington University and reported as normal, "no abnormal areas of activity were identified within the prostate bed or elsewhere in the visualized abdomen or pelvis… no scinitographic evidence for tumor involvement." These results were also sent to Defendant Hendricks on or about January 13, 2011.

26.     The brachytherapy was scheduled at the insistence of both Defendants to begin January 25, 2011.

27.     On or about January 12, 2011, Mr. Burton returned to see Dr. Aragon-Ching to review the findings of the diagnostic tests, all of which are reported as negative. She indicated that the brachytherapy is scheduled to begin January 25, 2011. Dr. Aragon-Ching noted that Mr. Burton had a lot of concerns about undergoing brachytherapy and strongly suggested that the patient have further discussions with Defendant regarding the risks and potential side effects gained with salvage brachytherapy, especially in the absence of conclusive evidence of local recurrence, especially if the biopsy is negative. She suggested other alternatives including clinical

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

trials.  This consultation note was signed and sent to Defendant Hendricks on or about January 13, 2011.

28.     On January 18, 2011, biopsies were performed of Mr. Burton's right seminal vesicle and the "right and left prostate bed" by Defendant Koutrouvelis, all of which were read as benign.

29.     A copy of the biopsy report was sent to Defendant Hendricks.

30.     There was no communication initiated by Defendant Hendricks with the patient before the brachytherapy was performed by Defendant Koutrouvelis on or about January 25, 2011.

31.     The patient signed a form on January 25, 2011, acknowledging that both Defendants Koutrouvelis and Hendricks were authorized to perform the brachytherapy and that both defendants had explained the purpose of the treatment which specifically states the purpose was for "prostate cancer" and that the implants would be placed "in my prostate".

32.     Plaintiff Steve Burton relied upon specific  material representations made by Defendants Hendricks and Koutrouvelis when he agreed to  undergo the brachytherapy at issue in this case.  If the Defendants material misrepresentations had not been made, Mr. Burton would have refused the treatment and not been severely and permanently injured.

33.     Plaintiff Steve Burton specifically relied on Defendant Hendricks' referral to Defendant Koutrouvelis as a reputable, well trained and very experienced radiation

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

oncologist.     Mr. Burton would not have consulted with or treated with Defendant Koutrouvelis but for the strong recommendations and assurances of Defendant Hendricks.

34.     Defendant Hendricks held himself out to Steve Burton, and others, as a well trained, properly credentialed, published "radiation oncologist" with a specialty in brachytherapy of the prostate.   Steve Burton relied on these material misrepresentations and would not have agreed to brachytherapy by the Defendants but for these material mispresentations.

35.     With personal knowledge of all the negative chest, pelvic and abdominal scans, the negative whole body scan, the negative tumor scan and negative biopsy, Defendant Koutrouvelis initiated extensive brachytherapy treatment on Mr. Burton beginning on January 25, 2011.

36.     With personal knowledge of all the negative chest, pelvic and abdominal scans, the negative whole body scan, the negative tumor scan and negative biopsy, as well as the patient's concerns and apprehension, Defendant Hendricks, as the patient's treating urologist of more than ten years, failed to contact Mr. Burton again to review and discuss all of the negative results and the reasonable alternatives.   Instead, Defendant Hendricks agreed with Defendant Koutrouvelis and allowed the extensive brachytherapy treatment on Mr. Burton to be initiated on January 25, 2011.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 8 -

37.    Following this brachytherapy treatment, Mr. Burton experienced severe and permanent complications including, but not limited to extensive and permanent necrosis from radiation.

38.    The actions of the Defendants caused permanent and severe damage to Mr. Burton's bladder, penis, genital area and suprapubic area where the prostate bed was formerly, among other areas.

39.    Mr. Burton has suffered extensive injuries as a direct result of the conduct of the defendants, including pain and suffering, disfigurement, emotional distress and embarrassment, past and future medical bills, past and future lost wages and past and future permanent loss of his marital relationship with his wife and other damages past and future.

## COUNT I
### (Medical Negligence – All Defendants)

40.    Plaintiffs incorporates by reference paragraphs 1 through 39 above, and further alleges that, at all times relevant to the allegations in the Complaint, the Plaintiff Steve Burton had a patient/health care provider relationship with Defendant Hendricks and Defendant Koutrouvelis.

41.    By virtue of the patient/health care provider relationship, the Defendants were obligated to use the degree of care and skill of reasonably prudent health care providers practicing under the same or similar circumstances.

42.    At all times relevant to the Complaint, all agents, servants and/or employees of Defendants entered into a relationship with the Plaintiff Steve Burton in

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

which each such health care provider was required to act with the degree of care and skill of a reasonably prudent health care provider practicing under the circumstances presented.

43.     Plaintiffs further allege that at all times relevant to the Complaint the agents, servants and/or employees of Defendants URPI were acting within the course and scope of their employment with Defendants URPI.  Therefore, Defendant URPI is vicariously liable for any negligent acts and/or omissions of its agents and/or employees, including but not limited to Dr. Koutrouvelis and/or Dr. Hendricks.

44.     Plaintiff further alleges that by virtue of the health care provider/patient relationship with Defendant URPI all of Defendant's agents, servants and/or employees were required to comport with the standard of care applicable to the treatment of patients such as Steve Burton.

45.     Plaintiffs further allege that Defendants, individually and through their agents, servants and/or employees who were involved in the rendering of medical care and treatment to Plaintiff Steve Burton, breached the applicable standard of care by committing negligent acts and/or omissions, including but not limited to: (1) failure to properly diagnose and advise Steve Burton of his reasonable and recognized treatment options in light of the clinical findings, including disclosure of the extreme nature of the proposed brachytherapy and all reasonable alternatives, including watchful waiting; (2) failure to properly work up Steve Burton;   (3) advising Steve Burton to have an inappropriate and unnecessary brachytherapy given the clinical circumstances; (4)

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

negligently performed brachytherapy; 5) failure to advise Steve Burton of his options other than extreme brachytherapy performed by this defendant who is not properly trained and failure of inform Steve Burton of the relative risks and generally accepted alternatives; 6) failure to obtain timely and proper specialty consults by properly trained and credentialed radiation oncologists under the circumstances;  and 7) in otherwise failing to provide Steve Burton with the degree of medical skill and attention required of health care providers under the circumstances.

46.     Plaintiffs further allege that the negligent acts and/or omissions committed by the Defendants, through their agents, servants and/or employees, directly and proximately caused or contributed to cause significant physical injuries, ultimately resulting in Plaintiff's severe and permanent injuries, including but not limited to loss of bladder and penile function, permanent disfigurement and scarring, and other physical and emotional injuries.

47.     As a further direct and proximate result of the negligence of the Defendants, Plaintiff Steve Burton has suffered and will continue to suffer much physical pain, suffering, disfigurement, deformity, associated embarrassment, inconvenience and mental anguish, including lost wages and future lost wages and permanent and complete disability.

48.     As a further direct and proximate result of the negligence of the Defendants, Plaintiff Steve Burton has incurred substantial medical expenses, and will incur future medical expenses and related damages.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT II
### (Lack of Informed Consent – All Defendants)

49.     The allegations set forth in paragraphs 1-48 above are incorporated herein by reference.

50.     Defendants had a duty to provide the patient with all the information about the treatment options, recognized alternatives and the relative risks of the options so that he could make an informed choice regarding the proposed treatment at issue, including full disclosure of Dr. Koutrouvelis' actual limited training.

51.     Defendants, jointly and severally, failed to provide Mr. Burton with adequate information for him to make a reasonable choice regarding the brachytherapy and whether he wished to have Dr. Koutrouvelis perform it given his limited training.

52.     Had Defendants provided Mr. Burton with correct and sufficient disclosures regarding their training,  his options, the recognized alternatives to brachytherapy, including watchful waiting and the relative risks of the extreme radiation that was planned and performed,  given his clinical presentation and surgical history, the Plaintiff and any other reasonable person would have refused the brachytherapy and certainly refused brachytherapy as performed by Defendants and he would have never suffered the complications and damages that he sustained and will now endure for the rest of his life.

53.     As a result of Defendants' failure to provide Plaintiff with sufficient informed consent, Defendants are liable for all the damages and injuries that resulted from the treatment at issue.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT III
### (Battery – Defendants Koutrouvelis and URPI)

54.     .The allegations set forth in paragraphs 1-53 above are incorporated herein by reference.

55.     Defendants Koutrouvelis and URPI had a duty to provide the patient with all the information about the true level of training and experience of Dr. Koutrouvelis, the recognized treatment options, recognized alternatives and the relative risks of the options so that he could make an informed choice regarding the treatment at issue.

56.     Defendant Koutrouvelis, individually and acting within the scope of his agency of and/or employment by the Defendant URPI, failed to provide Plaintiff Steve Burton with adequate information for him to make a choice regarding this treatment and whether to allow Dr. Koutrouvelis to perform it, thereby failing to obtain informed consent.

57.     As a result of Defendants' failure to provide Plaintiff with sufficient informed consent, as agent and employee of Defendant URPI, the procedure Dr. Koutrouvelis performed on Steve Burton on January 25, 2011, was done without consent and therefore constitutes a battery.

58.     The January 25, 2011 procedure performed by Defendant Koutrouvelis, as agent and employee of Defendant URPI, constitutes an intentional and unwanted touching of Steve Burton without justification, excuse or consent.

59.     As a result of the battery committed, Defendants are liable for all the damages and injuries that resulted from the procedure at issue including physical injury,

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

financial loss, shame, humiliation, embarrassment, and the indignity suffered by Steve Burton.

## COUNT IV
### (District of Columbia Consumer Protection Procedures Act (CCPA) - All Defendants)

60.    Plaintiff incorporates paragraphs one through 59 as if fully set forth.

61.    Plaintiff, Steve Burton is a "consumer", as defined in DC Code Section 28-3901(2), a person who purchased services in the District of Columbia (consultation, medical advice and follow up treatment) from Defendants.

62.    Defendants are "persons" and "merchants", as defined by D.C. Code Section 28-3901(1) and (3), as persons who sells services in the District of Columbia, specifically medical consultation, advice and treatment.

63.    Medical consultation, advice and treatment are "services" within the definitions of as defined by D.C. Code Section 28-3901.

64.    Medical consultation, advice and statements regarding informed consent are "trade practices" as defined by as defined by D.C. Code Section 28-3901(6) .

65.    Defendants' advertisements in 2009-201, as set forth on their website constitute "trade practices" as defined by D.C. Code Section 28-3901(6).

66.    Defendants, through their website statements, their deliberate omissions and promises fraudulently induced Plaintiff Steve Burton to have brachytherapy by these Defendants.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

67.     Defendants intentionally misrepresented and/or intentionally omitted material facts in order to convinced Plaintiff Steve Burton to undergo brachytherapy so that they could materially profit from it.  The material misrepresentations and material omissions, which constitute unlawful trade practices (DC Code 28-3904) include, but are not limited to, the following:

- Defendants intentionally misled Plaintiff by telling him that this treatment was safe and patient appropriate and that they were qualified to perform it.

- Defendants intentionally misled Plaintiff by not informing him of their financial interests in this approach and the difference in cost and risk to him if he would have selected the reasonable and safer options, including watchful waiting.

- Defendants intentionally misled Plaintiff by not informing him that these surgeries were not patient appropriate and that most reasonable practitioners who are formally trained radiation oncologist are of the opinion that the methods defendants used were not generally accepted approaches for patients and would cause severe harm with little or no benefit;

- Defendants intentionally mislead Plaintiff by not informing him of the material risks of the specific extreme brachytherapy they employed as opposed to the other generally accepted alternatives which were patient

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

appropriate and considerably less risky but not nearly as profitable for the Defendants.

■ Defendants knowingly took advantage of Steve Burton's fear of cancer recurrent and his inability to protect his interests with their superior medical knowledge, their misleading statements and omissions regarding their training and qualifications, his condition and the relatively low risk of the reasonable and accepted alternatives.

68.    Plaintiff Steve Burton was deceived by the intentional misrepresentations and omissions of the Defendants, including comments made by Defendants and the website statements of the Defendants.

69.    As a result of the Defendants' intentional misrepresentations, Steve Burton was induced into consenting and paying for medical services (brachytherapy) that was not safe or patient appropriate, was performed in a negligent manner by a radiologist, not a formally trained and credentialed radiation oncologist,  and subsequently resulted in permanent damage, scarring, extensive medical bills now and in the future and past and future lost wages and other serious damages.

70.    The Defendants' conduct further resulted in Plaintiff's pain and suffering, future pain and suffering, past and future medical bills, lost time from work, future inability to work and other damages.

71.    Defendants' conduct as described in detail herein, including the intentional misrepresentations and omissions which convinced Plaintiff Steve Burton to undergo the

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 16 -

brachytherapy which was not patient appropriate, performed below the standard of care and resulted in extensive damages in order to generate a large fee, constitutes fraud, recklessness, wantonness and willful disregard of the plaintiff's rights.

72.     Plaintiff hereby seeks from all Defendants, damages for each and every violation of the CCPA, 28-3905 (k) (1), all damages allowed by law, which include: treble damages, litigation costs, reasonable attorney's fees, punitive damages and any other relief which the court deems proper.

**COUNT V**
**(Loss of Consortium – All Defendants)**

73.     Plaintiffs incorporate, by reference, paragraphs 1 through 72 above.

74.     Plaintiffs allege that as a direct and proximate result of the negligence and other wrongful acts and omissions of the Defendants, jointly and severally, as previously described, Plaintiff Ikumi Hatanaka has spent considerable time caring for and assisting Plaintiff Steve Burton from the time of the incident to the present.     Plaintiff Ikumi Hatanaka has suffered a loss of companionship, affection, assistance in household services and other matters,  and loss of sexual relations with Plaintiff Steve Burton and past and future lost wages directly due to his injuries as set forth herein.

**COUNT VI**
**(Fraudulent Misrepresentation)**

75.     Plaintiff incorporates paragraphs one through 74 as if fully set forth.

76.     Plaintiff, Steve Burton was a patient of the defendants and in this role he received and relied up medical "facts" and "advice" given by the defendants regarding

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

the nature of his condition, the recurrence of cancer, his limited treatment options and the urgency of the treatment at issue.

77.    Defendants, through their website and through multiple verbal statements, fraudulently induced Plaintiff Steve Burton to undergo brachytherapy which was the proximate cause of his severe and permanent injuries and damages.

78.    Defendants intentionally misrepresented and/or intentionally omitted material facts in order to convinced Steve Burton to undergo the brachytherapy so that they could materially profit from it.   The material misrepresentations and material omissions, include, but are not limited to, the following:

- Defendants intentionally misled Plaintiff by telling him that this treatment was safe and patient appropriate and that they were qualified to perform it.

- Defendants intentionally misled Plaintiff by not informing him of their financial interests in this approach and the difference in cost and risk to him if he would have selected the reasonable and safer options, including watchful waiting.

- Defendants intentionally misled Plaintiff by not informing him that these surgeries were not patient appropriate and that most reasonable practitioners who are formally trained radiation oncologist are of the opinion that the methods defendants used were not generally accepted

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

approaches for patients and would cause severe harm with little or no benefit;

▪ Defendants intentionally mislead Plaintiff by not informing him of the material risks of the specific extreme brachytherapy they employed as opposed to the other generally accepted alternatives which were patient appropriate and considerably less risky but not nearly as profitable for the Defendants.

▪ Defendants knowingly took advantage of Steve Burton's fear of cancer recurrent and his inability to protect his interests with their superior medical knowledge, their misleading statements and omissions regarding their training and qualifications, his condition and the relatively low risk of the reasonable and accepted alternatives.

79.   Plaintiff Steve Burton was deceived by the intentional misrepresentations and omissions of the Defendants, including comments made by Defendants and the website statements of the Defendants.

80.   As a result of the Defendants' intentional misrepresentations and omissions, Steve Burton was induced into consenting and paying for medical services (brachytherapy) that was not safe or patient appropriate, was performed in a negligent manner by a radiologist who was, upon information and belief, not a formally trained and credentialed radiation oncologist,  and these wrongful acts and omissions resulted in

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

permanent damages, scarring, extensive medical bills now and in the future and past and future lost wages and other serious damages for plaintiffs.

81.    The Defendants' conduct further resulted in Plaintiff's pain and suffering, future pain and suffering, past and future medical bills, lost time from work, future inability to work and other damages.

82.    Defendants' conduct as described in detail herein, including the intentional misrepresentations and omissions, upon which Steve Burton justifiable relied, caused him to agree to undergo the extreme brachytherapy which was not patient appropriate, performed below the standard of care and resulted in extensive damages,  in order to generate a large fee. Said conduct by Defendants, both material misrepresentations and material omissions,  constitutes fraud, recklessness, wantonness and willful disregard of the plaintiffs' rights.

83.    Plaintiffs hereby seek from all Defendants, , all damages allowed by law, which include:   treble damages, litigation costs, reasonable attorney's fees, punitive damages and any other relief which the court deems proper.

WHEREFORE, Plaintiffs demands judgment against the Defendants, jointly and severally, in the full and just amount of $20,000,000.00 (Twenty Million Dollars), plus costs and interest from November 19, 2012.

## JURY TRIAL DEMAND

Plaintiffs demand a jury on all the above claims.

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Respectfully submitted,

REGAN ZAMBRI LONG
& BERTRAM, PLLC

By: _____
Catherine D. Bertram    #425052
cbertram@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C.  20036-3521
PH:  (202) 463-3030
*Counsel for Plaintiffs*

Regan Zambri
Long Bertram
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 21 -